Good morning, Your Honor. Mark Lapham for the appellants, the Galangs, and I apologize for the camera not working. This is an appeal in an attempt to reverse Judge Mendez's two laws, preempted the appellants from bringing their case, and he did not allow the causes of action to move forward, and I'll get into that in a minute. And then also, his decision to dismiss the motion, the defendant's motion to dismiss for not having sufficient factual basis was not plausible under his theory. Let me ask, because you lost that argument, the 12B6 argument, just within the last week, didn't you? Not the 12B6. Were you one of the attorneys on the Perez v. Mortgage Electronic case? Yes, Your Honor, I was the attorney on both of those cases. The claim on that, wasn't that identical to the claim in this case, relative to whether you could bring a preemptive challenge to stand it? Yes, it is on that issue, Your Honor, in that their opinions, or the consolidated opinion, focused almost exclusively on that issue of whether a pre-court motion... Isn't that a reported case, and aren't we necessarily bound by it? It does say that it is to be published, yes, Your Honor. And more to the point, wouldn't that resolve the whole case, and then we wouldn't even need to reach the preemption argument? Well, yeah, I was going over that case last night, and noted that these cases are very, very similar. Can I ask you about that? Because, I mean, you should know the cases were very similar. You were counsel on both. I don't see any notation with our court that these are related cases. I could understand missing a related case, separate and apart from receiving the opinion last week. I could understand counsel missing a related case if they're not familiar with it. But you had two cases pending in the Court of Appeals, and as far as I can tell, you never notified the court that there was a related case. Do I have that correct? That is correct, Your Honor, and I apologize for that. Okay, we still wanted to make an argument, Your Honor, that their decision was, and I'm not sure how the Ninth Circuit works, if there is a decision, if the Ninth Circuit, other judges can make a decision that expands upon the other decision. Well, expands upon is one thing, conflicting with is quite another. I don't see any way that we can write an opinion in this case, except following Perez, honestly and fully, without exception or otherwise. Otherwise, our complete system of panels would be decimated, and we'd go back to just one panel in a court. That's what I was afraid of, Your Honor, that that was the rule. I was uncertain what the rule was in a situation like this, but if that's the rule, then that's the way it has to be, unfortunately. I think your argument, although it's a little difficult, because we just had Perez, but we've all read Perez's case. Your job, I think it seems to me, was how does this case come out, because we're bound by Perez. Well, I don't think we can overturn that decision, other than to say that for all of the briefing that we did in this case, that there is a very strong probability of being able to show that I think the Perez case, they came out and just stated that any type of preemptive action or pre-foreclosure action is the law. You cannot bring a pre-foreclosure action to show lack of authority, and that wasn't the rule before even OVA, and they even cited the Brown case to the point that these type of cases with a specific factual basis may go on. I don't think it's exactly black and white. Do I understand your argument is, and correct me if I'm wrong, that we have to apply Perez, and that will be difficult for your client, or do you have some argument that you haven't stated for us of why Perez does not govern the outcome of this case? Basically, your honor, I believe that they are very similar, and other than what I just went over, that there are cases that should be allowed. We disagree with the decision, but if you're bound by that decision, I don't have any further arguments to try and defeat that. Okay. Do you want to reserve time just in case you need it for a rebuttal? Yes, your honor. Okay. Mr. Curtis. Good morning, your honors. Casey Curtis on behalf of the Appalachians. I think as the court is correctly focused on the Perez decision, which did just come out earlier this week and was the subject of our Rule 28 J letter, it makes this case a little bit easier from a perspective of, you know, we had kind of the Intermediate Court of Appeals in California having laid down the long gum saying that a pre-foreclosure lawsuit is not recognizable. There had been a district court decision from Judge Tiger in the Northern District that had said he thought that the Supreme Court would decide the issue differently. Intermediate Court of Appeals in California had disagreed with him and continued to follow the Gomes line of decision that says a pre-foreclosure lawsuit challenging authority to foreclose is not cognizable. And then earlier this week, you know, this court and a three-judge panel, an opinion by Judge Gould, you know, adopted the Gomes line of reasoning and said that that is the state of California law. You know, in terms of, I think this panel's role, I believe it's correct that this panel does have to follow the Perez case and the law of the circuit doctrine. We have a little bit of a unique issue here and that it's a question of California law. So if we had, you know, obviously if there was some reason to believe, I'm sorry, some intervening California case law that would suggest the California courts would decide the issue differently. That could be a reason why this, a three-judge panel could potentially go back and revisit Perez. But given Perez was just decided, there's no intervening California precedent, you know, we would submit that Perez is guilty. Are there any cases that are pending before the California Supreme Court where they, you know, they may accept a petition on any of those intermediate cases? Not that, not with respect to this specific issue. I think there are a couple foreclosure related issues about the scope of a duty that's pending before the California Supreme Court, but I'm not aware of any cases with respect to this precise issue of the cognizability of a pre-foreclosure claim, you know, challenging standing. Admittedly, in California, we have a lot of lawsuits and a lot of litigation around foreclosure. So there's probably thousands of cases that are pending at any particular time against banks, you know, asserting these types of claims. So it's a little difficult to keep track of everything, but I'm not aware of any. So with respect to that, I just would very briefly say that, you know, I think Perez resolves the issue. I think that, you know, obviously the district court's decision below focused a little bit more on the whole of preemption question, but given the state of California law, given the Perez decision controls, you know, we would submit that there's no reason to reach the whole of preemption issue because so clearly governed by the state law question, and that that would be consistent with, you know, effectively the doctrine of constitutional avoidance, which would say that, you know, when there's a narrow basis to decide a question that doesn't present constitutional concerns, and obviously at the end of the day, preemption has its roots in the constitution because it's founded upon the supremacy cause saying that on state law grounds, that's what panels should do. So unless there's any other questions, I'm happy to submit. I want to thank you, counsel, for getting your 28-J letter out promptly. I had already been through the case, and I can tell you it was very helpful to me to come better prepared to this argument. So thank you for following our directions on giving us 28-J letters. Thank you. Okay. Mr. Lapham, do you have anything to say in rebuttal? No, your honor. I think Mr. Curtis described it well, and I think all of you judges have spoken well what the rule is. So we're gonna have to submit it as is. Well, thank you both for clarifying this case for us, and we'll submit the case.
judges: Wallace, R. Nelson, Gwin